IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONTEE VERBAL              :

                             :

       v.                   :    Civil Action No. DKC 15-3397

                             :

GIANT OF MARYLAND, LLC      :

                             :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this case is the motion to dismiss filed by Defendant Giant of Maryland, LLC ("Defendant"). (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted in part.

## I.  Background

Unless otherwise noted, the following facts are set forth in the amended complaint (ECF No. 5), and construed in the light most favorable to Plaintiff Tontee Verbal ("Plaintiff"). Plaintiff was working as the front-end manager of a Bethesda, Maryland, Giant store on or about February 25, 2015, when she saw two six-packs of beer at the customer service desk while closing the store for the night. (*Id.* ¶¶ 6-7). Plaintiff was the only manager on duty. Because the store was not licensed to sell alcoholic beverages and she did not want the store to be in

violation of state law, Plaintiff removed the beer from the store and put it in the trunk of her car. (*Id.* ¶¶ 8-10, 26-28). Plaintiff believed a customer had left the beer, and in accordance with her training on lost customer items, she took the beer in order to return it to the customer personally. (*Id.* ¶¶ 8-9). She informed a customer service associate that if a customer contacted the store about the beer, Plaintiff would deliver the beer to him or her. The following day, Plaintiff informed the store manager that she had found beer in the store and placed it in the trunk of her car. (*Id.* ¶ 10, 29). Later that day, the store's non-perishable manager informed Plaintiff that he had purchased the beer for a "company presentation." (*Id.* ¶ 11). Plaintiff retrieved the beer from her car and returned it to the non-perishable manager the same day. (*Id.* ¶¶ 12-13).

Plaintiff was suspended by the store manager and the non-perishable manager on or about March 2, 2015, following a meeting during which she explained that she had removed the beer because the store did not have an exception under Maryland state law to have beer in the store. (*Id.* ¶¶ 15-17). The store manager informed Plaintiff on or about March 13 that she had been terminated for her "theft" of the beer. (*Id.* ¶ 20).

Plaintiff was a member of the United Food & Commercial Workers Union Local 400 ("Union"), and a collective bargaining

2

agreement ("CBA") governed her employment.  The CBA provides that Defendant has "the right to discharge or discipline any employee for good cause, including but not limited to, proven or acknowledged dishonesty[.]"[1]  (ECF No. 11-4, at 17).  It also establishes a grievance and arbitration process for the resolution of controversies, disputes, and disagreements.  (*Id.* at 31).  On or about March 4, Plaintiff filed a formal grievance through her union to appeal her suspension.  (ECF Nos. 5 ¶ 19; 11-3, at 1).  Plaintiff participated in two grievance meetings with Defendant's employees and her union representatives, but was not reinstated.  (*Id.* ¶¶ 21-23).  The last grievance meeting occurred on or about June 11, 2015.  (*Id.* ¶ 22).  Her union did not pursue arbitration on her behalf.  Plaintiff alleges that she has exhausted the grievance process of the CBA.  (*Id.* ¶ 23).

Plaintiff filed an action in the Circuit Court for Prince George's County, Maryland, on July 21, 2015 (ECF No. 2), and an amended complaint on September 10 (ECF No. 5).  Plaintiff claims wrongful discharge against public policy and intentional infliction of emotional distress.  Defendant removed the action to this court, asserting federal preemption based on § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

---

[1] Although the CBA is a document outside of the pleadings, it may be relied upon without converting Defendant's motion to dismiss into a motion for summary judgment.  *See Willis v. Reynolds Metals Co.*, 840 F.2d 254, 255 (4th Cir. 1988) (citing cases).

(ECF No. 1).   Defendant then moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).   (ECF No. 11).   In her response in opposition, Plaintiff requested remand.  (ECF No. 13).

## II. Dismissal of Count II

Plaintiff provided no argument with respect to Defendant's motion to dismiss Count II, her intentional infliction of emotional distress claim, because she "intends to move for nonsuit of Count II of her complaint." (ECF No. 13-1, at 3 n.1).  Plaintiff has not filed a separate motion, but because Plaintiff wishes to dismiss only one count of a multi-count suit, her request will be considered a motion to amend pursuant to Fed.R.Civ.P. 15. *Iraheta v. United of Omaha Life Ins. Co.*, 353 F.Supp.2d 592, 595 (D.Md. 2005) ("Fed.R.Civ.P. 15 is the technically proper rule under which to consider a plaintiff's request to drop some, but not all, of the claims asserted in an action[.]" (citing *Skinner v. First Am. Bank of Va.*, No. 93-2493, 1995 WL 507264, at *2-3 (4th Cir. 1995))).

"A party may amend its pleading once as a matter of course," but subsequently "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(1)-(2).  Plaintiff previously amended her complaint (ECF No. 5), and Defendant opposes dismissal of this claim without prejudice (ECF No. 14, at 2-3).  Accordingly, leave of court is required for amendment.  "The court should

freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), taking into consideration undue prejudice to the opposing party, undue delay, bad faith, and futility of amendment, *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the United States Court of Appeals for the Fourth Circuit, "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

There is little risk of undue prejudice or delay here. Defendant has not answered Plaintiff's complaint, much less commenced discovery, expended substantial time defending this claim, or moved for summary judgment. *See Shilling v. Nw. Mut. Life Ins. Co.*, 423 F.Supp.2d 513, 518-19 (D.Md. 2006) (granting leave to amend). Plaintiff's response was filed within a month of removal and therefore has not caused undue delay. *See id.* There is no evidence of bad faith or that Plaintiff intended to force Defendant to incur the expense of the removal process. *Id.* Defendant suggests that Plaintiff is dismissing this claim in an attempt to destroy federal subject matter jurisdiction so her case may be remanded, but even if Defendant is correct, such "jurisdictional maneuvering" is not evidence of bad faith. *Id.* "[I]t is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court."

*Ramotnik v. Fisher*, 568 F.Supp.2d 598, 603 (D.Md. 2008). Especially where, as here, Plaintiff only brought state law claims in state court, seeking dismissal to secure remand is not evidence of bad faith. Plaintiff will be granted leave to amend her complaint to remove her claim for intentional infliction of emotional distress.

## III. Preemption of Count I

Plaintiff has not filed a separate motion for remand to state court, but has requested the court remand this matter in denying Defendant's motion to dismiss. Whether removal is proper here depends on whether Plaintiff's state law claim is preempted by § 301 of the LMRA.

### A.   Standard of Review

The removing party bears the burden of proving proper removal. *Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court" on a motion for remand. *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-02 (D.Md. 1997) (quoting *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 507 (E.D.Va. 1992)); *see also Mulcahey*, 29 F.3d at 151.

**B.   Analysis**

Removal jurisdiction is proper only if the action could have been brought in the district court originally. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). The well-pleaded complaint rule generally governs whether federal question jurisdiction exists. *Id.* As Plaintiff notes, this rule allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law and prevents removal to federal court on the basis of a federal preemption defense. *Id.; Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 12 (1983). The "complete preemption" doctrine is an exception to this rule, however, and where the complete preemption doctrine applies, it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)); *accord Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998).

Defendant asserts that this action was properly removed because Plaintiff's wrongful discharge claim is completely preempted by § 301 of the LMRA. The complete preemption doctrine applies to claims under § 301. *Caterpillar Inc.*, 482 U.S. at 393-94; *Owen*, 161 F.3d at 772. Accordingly, if

Plaintiff's state law claim is preempted by § 301, the action is properly removed.  *Owen*, 161 F.3d at 772.

Section 301 of the LMRA, 29 U.S.C. § 185(a), provides, in relevant part:

> Suits for violation of contracts between employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Claims that require the interpretation of a collective bargaining agreement are completely preempted by § 301. "A state law claim is preempted when resolution of the claim 'requires the interpretation of a collective-bargaining agreement,' or is 'inextricably intertwined with consideration of the terms of the labor contract.'" *Foy v. Giant Food Inc.*, 298 F.3d 284, 287 (4th Cir. 2002) (citation omitted) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).  "[R]egardless of how a plaintiff may label his claim, it is construed as a claim brought pursuant to § 301 of the LMRA and is properly removed." *Taylor v. Giant Food Inc.*, 438 F.Supp.2d 576, 581 (D.Md. 2006) (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968);

8

*McCormick v. AT&T Techs., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991)).

"[T]he question in preemption analysis is not whether the source of a cause of action is state law, but whether resolution of the cause of action requires interpretation of the collective bargaining agreement." *McCormick,* 934 F.2d at 535. "Under a proper preemption analysis, therefore, the first step is to recognize the essential elements of the state law tort claims . . . and against the elements so identified, determine whether the state law claim can be resolved without interpreting or depending on the proper interpretation of the collective-bargaining agreement." *Barbe v. Great Atl. & Pac. Tea Co.*, 722 F.Supp. 1257, 1260 (D.Md. 1989).

To state a claim for wrongful discharge in violation of public policy under Maryland law, Plaintiff must show that she was discharged, that the basis for her discharge violated a clear mandate of public policy, and that there is a nexus between her conduct and her employer's decision to discharge her. *Wholey v. Sears Roebuck*, 370 Md. 38, 50-51 (2002). A cause of action for wrongful discharge exists for contractual employees as well as at-will employees. *Ewing v. Koppers Co.*, 312 Md. 45, 49 (1988).

Plaintiff argues that her claim is not inextricably intertwined with the terms of the CBA, and that the "factual

9

consideration[] of whether Plaintiff was fired for 'just cause' does not necessarily require interpretation of the CBA." (ECF No. 13-1, at 5 (quoting *Owen*, 161 F.3d at 776)). Plaintiff also argues that her claim may not require a finding of whether she was fired for good cause at all. (*Id.* at 6).

Where "'purely factual questions' about an employee's conduct or an employer's conduct and motives do not 'require a court to interpret any term of a collective-bargaining agreement,'" state law claims are not preempted by § 301. *Owen*, 161 F.3d at 775-76 (quoting *Lingle*, 486 U.S. at 407). In such cases, the plaintiff's claim does not require a determination of whether just cause existed, and the defendant cannot secure removal simply by arguing that the provisions of the CBA may be referenced. In *Owen*, for example, the plaintiff alleged that she was discharged either because she rebuffed the sexual advances of her supervisor or because she reported the sexual harassment. 161 F.3d at 774. The defendant employer argued that the discharge was motivated by inconsistencies in the plaintiff's employment history, which provided just cause under the CBA. *Id.* at 775. The Fourth Circuit held that resolution of this claim did not require interpretation of the CBA. The question for the jury was simply why the defendant discharged the plaintiff, not whether either motivation would have provided just cause. *Id.; see also Harless v. CSX Hotels, Inc.*, 389 F.3d

444, 449 (4th Cir. 2004) (holding that where employee claimed discharge motivated by his age, disability, or filing of a workers' compensation claim, employer's defense that discharge was for violation of the CBA's absentee provisions did not require interpretation of the CBA); *Ewing*, 312 Md. at 55 (noting, in holding that a wrongful discharge cause of action existed for contract employees, that "whether the discharge was for good cause, and what the parties meant by good cause, must be resolved through the process dictated by the collective bargaining agreement-grievance proceedings, arbitration, and, if necessary, a § 301 action").

In the instant case, there is no dispute as to Defendant's motivation for discharging Plaintiff; the parties agree that Plaintiff was terminated for removing the beer from the store. (ECF Nos. 5 ¶¶ 20, 27-30; 11-2, at 7; 13-1, at 7; 14, at 7). Plaintiff has not alleged, for example, that she was terminated in retaliation for reporting the illegal sale or keeping of alcohol by an unlicensed store. What she claims is that her actions were an attempt to ensure the store was in compliance with state law, and therefore were not theft, dishonesty, or otherwise good cause for her discharge. Plaintiff also alleges that she was not provided with a formal disciplinary letter prior to her suspension, a requirement under the CBA. (ECF No. 5 ¶ 18; *see* ECF No. 11-4, at 17). The question in this case is

11

whether Defendant complied with the procedures of the CBA and properly determined that Plaintiff's actions provided good cause for her termination, rather than an independent factual question of Defendant's motivation for the termination.   The resolution of Plaintiff's claim is inextricably intertwined with the CBA and requires interpretation of the CBA.   Plaintiff's state law claim is accordingly preempted by § 301 of the LMRA and is properly removed from state court.

## IV.  Motion to Dismiss

### A.   Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266,

268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

### B.  Analysis

As explained above, Plaintiff's wrongful discharge claim is completely preempted by the LMRA. Defendant has moved for dismissal on the grounds of preemption and failure to state a wrongful discharge claim under Maryland law. Because complete preemption converts the state law claim into a federal § 301 claim, however, preemption itself does not warrant dismissal and the elements of the preempted state law claim are irrelevant.

Where claims are completely preempted, "the plaintiff simply has brought a mislabeled federal claim." *King v. Marriott Int'l Inc.*, 337 F.3d 421, 425 (4th Cir. 2003) (discussing complete preemption under § 502 of ERISA). "[T]he

claims *completely* preempted [are] converted into federal claims that need to be decided as federal claims[.]" *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 292 (4th Cir. 2003) (discussing ERISA § 502); *accord Lueck*, 471 U.S. at 220 (citing *Avco Corp.*, 390 U.S. at 560) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." (citation omitted)); *Caterpillar Inc.*, 482 U.S. at 394; *see, e.g.*, *Ali v. Giant Food LLC*, 595 F.Supp.2d 618, 625 (D.Md. 2009) (recrafting preempted state law claim into a § 301 claim).

Thus, the elements of a § 301 claim must be analyzed. In the § 301 preemption cases on which Defendant relies, for example, the actions were dismissed because they could not be brought under the LMRA. *Foy*, 298 F.3d at 291 (affirming dismissal of claims where the six-month statute of limitations under the LMRA had expired); *Davis v. Bell Atl.-W. Va. Inc.*, 110 F.3d 245, 249 (4th Cir. 1997) ("[Plaintiff] concedes that once we have found that § 301 of the LMRA preempts her state law claims, the district court properly entered summary judgment against her for failure to satisfy the applicable statute of limitations."); *McCormick*, 934 F.2d at 534 (affirming summary judgment upon finding that state law claims were preempted by § 301 where

14

plaintiff conceded that § 301 claims would be barred by six-month statute of limitations); *LePore v. Ramsey*, Nos. 90-1469, 90-1471, 1991 WL 197376, at *2 (4th Cir. Oct. 7, 1991) (holding that because claims were preempted, they were "subject to dismissal for failure to follow grievance procedures under the collective bargaining agreement"); *Tall v. MV Transp.*, No. RWT 12-417, 2012 WL 4480720, at *2-3 (D.Md. Sept. 27, 2012) (holding that state law claim was preempted by § 301 and granting motion to dismiss where claim was time-barred and plaintiff failed to exhaust the grievance and arbitration procedures of the CBA). The question is whether Plaintiff has stated a § 301 claim under the LMRA, and Defendant did not move to dismiss for failure to state a § 301 claim.

The six-month statute of limitations governing § 301 claims, *see DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 170-72 (1983), would not bar Plaintiff's claim here. Plaintiff was terminated on March 13, 2015 (ECF No. 5 ¶ 20), and filed her complaint within six months on July 21, 2015 (ECF No. 2).

"It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement," *DelCostello*, 462 U.S. at 163 (citing *Smith v. Evening News Ass'n*, 371 U.S. 195 (1962)), but he ordinarily must exhaust the agreement's contractual remedies

first, *id.* (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)).  "However, in a so-called hybrid § 301 action, an employee may forego exhaustion by showing '*both* 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement.'"  *Groves v. Commc'n Workers of Am.*, 815 F.3d 177, 178-79 (4th Cir. 2016) (quoting *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)).  The employee is not required to sue both her employer and her union, but she must allege both claims. *DelCostello*, 462 U.S. at 164-65.  "[F]ederal courts review allegations against employers for breach of collective bargaining agreements *only* when an employee has first proved that the union representing him breached its duty of fair representation."  *Thompson*, 276 F.3d at 657 (citing *Vaca v. Sipes*, 386 U.S. 171, 186 (1967)).

Article 21 of the CBA sets forth the grievance and arbitration procedures.  (ECF No. 11-4, at 31).  Defendant states that Plaintiff "immediately grieved Giant's actions" (ECF Nos. 14, at 4; 11-3), and Plaintiff avers that she exhausted the grievance process by participating in two grievance meetings with her union representatives and Defendant's employees (ECF No. 5 ¶¶ 21-23).  The Union did not pursue arbitration (ECF Nos. 13-1, at 3; 14, at 5), but Plaintiff has not alleged that the failure to pursue arbitration was a breach of its duty of fair

representation.   Plaintiff therefore has not stated a § 301 claim upon which relief can be granted, but it is not clear that she cannot do so.

Accordingly, Plaintiff's wrongful discharge claim is construed as a § 301 claim and will be dismissed without prejudice.  If Plaintiff wishes to proceed on a § 301 claim, she must file an amended complaint setting forth appropriate allegations within twenty-one (21) days.

**V.   Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Giant of Maryland, LLC will be granted as to Count I, wrongful discharge, without prejudice.  A separate order will follow.

                        /s/
_____
DEBORAH K. CHASANOW
United States District Judge